# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TERESA MADKIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATION PERSONNEL SERVICES, INC.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION** |

## NOTICE OF REMOVAL

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA:**

**PLEASE TAKE NOTICE** that Defendant Automation Personnel Services, Inc. ("APS") hereby removes to this Court the state court action captioned *Madkin, et al. v. Automation Personnel Services, Inc.*, Case No. 01-CV-2021-902134.00, filed in the Circuit Court for Jefferson County, Alabama, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

## I.     BACKGROUND

1. On July 26, 2021, Plaintiff Teresa Madkin filed a complaint against APS in the Circuit Court for Jefferson County, Alabama (hereinafter the "Complaint"). A copy of the Complaint is attached as Exhibit A to this Notice.

2. According to the Complaint, Plaintiff Teresa Madkin is a citizen of Alabama.

3. APS is an Alabama corporation with its principal place of business in Birmingham, Alabama.

4. In the Complaint, Plaintiff alleges that personal identifying information concerning employees of APS was leaked on a hacker forum, that this leak occurred as a result of a security breach of APS' systems, and that "Plaintiff and similarly situated employees' unencrypted sensitive personal identifying information was contained in files and folders obtained in the security breach." Compl. ¶¶ 9-11.

5. Plaintiff seeks to represent a putative nationwide class consisting of "[a]ll persons residing in the United States whose personally identifiable information was acquired by unauthorized persons in the data breach announced by APS in March 2021 (the "Nationwide Class")." Compl. ¶ 13. Plaintiff further asserts that she is representing an Alabama Subclass (*see* Compl. ¶ 35), although the Complaint does not specifically define that Subclass.

6. Plaintiff asserts causes of action for (1) negligence, (2) negligence *per se*, and, on behalf of the Alabama Subclass, (3) violation of Alabama Deceptive Trade Practices Act (Ala. Code 1975 § 8-19-1 *et seq.*). (Compl. ¶¶ 23-45.)

7. Plaintiff seeks to recover on behalf of herself and the Class compensatory and punitive damages, attorneys' fees pursuant to the DTPA, and other relief. (Compl. ¶ 45.)

8. APS has not filed a responsive pleading or otherwise responded to the Complaint in the state court action.

9. This Notice of Removal is timely because it has been filed within 30 days of July 29, 2021, which, according to the state court docket, is the date on which the Complaint was delivered to APS.

10. Removal to this Court is proper because it is the "district . . . embracing the place" in which the state court action is pending. *See* 28 U.S.C. § 1441(a).

## II. GROUNDS FOR REMOVAL

11. Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this matter involves a putative class action, and: (1) a member of the class of plaintiffs is a citizen of a state different from APS ("minimum diversity"); (2) the number of proposed class members is 100 or more; and (3) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).[1]

---

[1] Although Plaintiff filed the Complaint in state court, Plaintiff asserts that jurisdiction arises under CAFA and notes that there are more than 100 class members and that some of those class members reside or are domiciled in a state other than Alabama. (*See* Compl. ¶ 1.)

12. APS is an Alabama corporation with its principal place of business in Alabama. (Compl. ¶ 3.) Plaintiff Teresa Madkin is a citizen of Alabama. (Compl. ¶ 2.) However, "some of the class members reside and/or are domiciled in States other than the state of Alabama." (Compl. ¶ 1.) Accordingly, minimum diversity is achieved because members "of a class of plaintiffs [are] citizen[s] of a State different from" APS. *See* 28 U.S.C. § 1332(d)(2).

13. The proposed class consists of 100 or more individuals. (Compl. ¶ 1.)

14. The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. Although Plaintiff does not allege a specific amount in controversy in the Complaint, based on the class size, causes of action, including a statutory claim with statutory damages, and a request for compensatory, punitive, injunctive relief and attorney's fees, the amount in controversy will exceed $5,000,000 in the aggregate.

15. Plaintiff has asserted a claim under the Alabama Deceptive Trade Practices Act ("DTPA") on behalf of the Alabama Subclass. (*See* Compl. ¶¶ 35-45). Under the DTPA, a successful plaintiff would be entitled to the greater of actual damages or statutory damages of $100. ALA. CODE 2006 § 8-19-10(a)(1). In other words, if the Alabama Subclass can successfully establish a violation of the DTPA, each member of the Alabama Subclass will be entitled to recover damages of no less than $100.

16. The total number of Alabama residents who received notice of the data breach was 87,942. *See* Exhibit B (showing 87,942 Alabama residents and 310,489 individuals received notice nationally by APS of the security beach). Accordingly, the amount in controversy is no less than $8,794,200, which is the minimum amount of damages the Alabama Subclass would be entitled to receive if the Alabama Subclass is successful in establishing that APS violated the DTPA.

17. Upon filing this Notice of Removal in this Court, APS will file a true and correct copy of the Notice with the Clerk of the Circuit Court of Jefferson County, Alabama, and will give written notice to the Plaintiffs. *See* 28 U.S.C. § 1446(d).

18. Pursuant to 28 U.S.C. § 1446(a), APS is attaching a copy of all process, pleadings and orders served upon it in this action as Exhibit C.

Dated: August 26, 2021

/s/ John W. Dodson
John W. Dodson (ASB-9724-d65J)
DODSON GREGORY LLP
2700 Hwy 280, Suite 410
Birmingham, AL 35223
Tel: (205) 834-9171
Fax: (205) 278-8718
jwd@dodsongregory.com

***Attorneys for Defendant***
***Automation Personnel Services***

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on August 26, 2021, I served the foregoing Notice of Removal via email and U.S. mail on counsel of record listed below:

>Richard P. Rouco
>Quinn, Connor, Weaver, Davies & Rouco, LLP
>2-20th Street North, Suite 930
>Birmingham, AL 35203
>rrouco@qcwdr.com
>
>*Counsel for Plaintiffs*

Dated: August 26, 2021                              /s/ John W. Dodson
                                                               John W. Dodson