# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TERESA MADKIN, individually and on behalf of similarly situated individuals,** ) ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 2:21-cv-1177-AMM |
| **AUTOMATION PERSONNEL SERVICES, INC.,** ) ) ) ) | |
| Defendant. ) | |

## ORDER

This case is before the court on the Plaintiff's Unopposed Motion To Direct Class Notice and Grant Preliminary Approval of Class Action Settlement (the "settlement agreement"), Doc. 53. Two issues stand in the way of the court's approval: (1) the settlement agreement contains an incentive fee award; and (2) the settlement agreement does not address the *Bennett* factors, *see Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), Because the court cannot alter the bargained-for terms of the settlement agreement, the court must **DENY PRELIMINARY APPROVAL** of the settlement agreement in its entirety **WITHOUT PREJUDICE** to the parties' ability to refile an amended settlement agreement.

The settlement agreement contains a forbidden service award—sometimes called an incentive fee award–-to compensate "the named Plaintiff for the time and effort expended in the prosecution of this action." Doc. 53 at 13. Although incentive awards are "fairly typical in class action cases," *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1259 (11th Cir. 2020) (cleaned up), the Eleventh Circuit has recently prohibited incentive fee awards as a matter of law, *id.* at 1260. Indeed, the Eleventh Circuit recently remanded a case "to the District Court solely for the limited purpose of vacating [incentive fee] awards." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1284 (11th Cir. 2021). The settlement agreement's service award precludes this court's preliminary approval.

Also, the Eleventh Circuit has "instructed district courts to consider several additional factors called the *Bennett* factors" when assessing a settlement agreement. *Id.* at 1273. The *Bennett* factors include:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) "the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Id.* The parties did not address the *Bennett* factors in the settlement agreement. Although it is not necessarily required that the parties address the *Bennett* factors, it seems imprudent to conduct such an analysis without input from the parties.

Due to those two deficiencies, the court **DENIES** preliminary approval for the parties' proposed settlement agreement **WITHOUT PREJUDICE** to their opportunity to submit another agreement for the court's review.

**DONE** and **ORDERED** this 31st day of May, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE