FILED

2024 Aug-26 PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERESA MADKIN, individually and on behalf of similarly situated individuals,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) ) | **Case No.: 2:21-cv-1177-AMM** |
| **AUTOMATION PERSONNEL SERVICES, INC.,** | ) ) ) | |
| **Defendant.** | ) | |

### ORDER

This case is before the court on Plaintiff's Amended Unopposed Motion To Direct Class Notice and Grant Preliminary Approval of Class Action Settlement. Doc. 61. Plaintiff Teresa Madkin. The motion is **GRANTED**.

On July 26, 2021, Plaintiff filed the Litigation in the Circuit Court for Jefferson County, Alabama against Defendant Automation Personnel Services, Inc. ("APS") asserting claims on behalf of herself and all others similarly situated arising out of a security incident occurring in November 2020, in which data containing personally identifiable information ("PII") located on APS's computer systems were potentially accessed by an unknown and unauthorized actor (the "Incident").

According to the Complaint, these claims arise out of a security incident impacting APS on or about November 24, 2020, when APS experienced an intrusion

into its system by an external individual (the "Incident"). The information that may have been disclosed in the Incident possibly included sensitive information about the Plaintiff and Class members, including name, date of birth, Social Security numbers, and financial account information. Through its investigation into the Incident, APS identified approximately 299,253 individuals were potentially impacted by the Incident.

Throughout the Litigation, and prior to and after the mediation, Class Counsel conducted an examination and investigation of the facts and law relating to the matters set forth in the Complaint and engaged in numerous discussions with APS's counsel regarding the claims therein, including but not limited to, discovery. In or around August 30, 2023, in preparation for the mediation, Class Counsel requested APS produce certain documents including incident responses/forensic reports, reports disclosing statistics about the nature and scope of the comprised data, APS data retention policies in effect at the time of the breach and any changes thereafter, and the results of all data compliance audits conducted in the three years prior to the breach. APS sent its own request for documents on September 6, 2023. The Parties produced certain documents in accordance with a mediation confidentiality agreement.

On September 20, 2023, the Parties participated in a mediation before Phillip W. McCallum of Schreiber ADR, an experienced and respected mediator. The

parties, through their counsel, have agreed to settle this action, pursuant to the terms of the Settlement Agreement and Release, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement, which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiffs' Motion for Preliminary Approval is **GRANTED** as set forth herein.[1]

## 1.    CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

For settlement purposes only and pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3), and (e), the Court provisionally certifies a class in this matter defined as follows:

> All persons residing in the United States or its territories whose personally identifiable information was identified as potentially being impacted in the November 2020 data security incident announced by Automation Personnel Services, Inc. in March 2021.
>
> Excluded from the Settlement Class is any judges presiding over this Litigation, their immediate family members, and any members of the judges' judicial staff, the officers and directors of Defendant and their immediate family

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as defined in the Settlement Agreement, which was filed with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.

members, Class Counsel and their immediate family members, and persons who timely and validly request exclusion from the Settlement Class, and the legal representatives of each of these excluded categories of persons.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest in antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; (f) a class action and class settlement is superior to the other methods available for a fair and efficient resolution of this case; and (g) final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

2.    **SETTLEMENT CLASS REPRESENTATAIVE AND SETTLEMENT CLASS COUNSEL**

Teresa Madkin is hereby provisionally designated and appointed as the Settlement Class Representative. The Court provisionally finds that the Settlement Class Representative is similarly situated to absent Settlement Class Members and, therefore, typical of the Class, and that she will be an adequate Settlement Class Representative.

The Court finds that D. Anthony Mastando and Eric J. Artrip (Mastando & Artrip) and Richard P. Rouco (Quinn, Connor, Weaver, Davies & Rouco, LLP) are experienced and adequate counsel and are hereby provisionally designated as Settlement Cass Counsel pursuant to Federal Rule of Civil Procedure 23(g).

3.    **PRELIMINARY SETTLEMENT APPROVAL**

Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

4.    **JURISDICTION**

The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

**5.    FINAL APPROVAL HEARING**

A Final Approval Hearing shall be held on the afternoon of February 6, 2025, in Courtroom 5B of the Hugo L. Black United States Federal Courthouse, to determine, among other things, whether: (1) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3), and (e); (2) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; and (5) the application of Settlement Class Counsel and Plaintiff's Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Federal Rule of Civil Procedure 23(h).

Plaintiff's motion for final approval of the Settlement shall be filed with the Court by October 26, 2024. Settlement Class Counsel's Attorneys' Fee Request shall be filed with the Court by October 26, 2024. By no later than January 28, 2025, the parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Fee Request.

**6.    ADMINISTRATION**

The Court appoints Angeion Group as the Settlement Administrator, with responsibility for class notice and class administration. All costs of administration

of the Settlement, including all costs to carry out the Notice Program, shall be made exclusively from the Settlement Fund.

## 7.    NOTICE TO THE CLASS

The Proposed Notice Program set forth in the Settlement Agreement, and the (1) Mail Notice (attached to the Settlement Agreement as Exhibit B) and (2) Notice on the Settlement Website (www.APSSettlement.com) satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1), and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

By September 25, 2024, the Settlement Administrator shall complete the Notice Program, which shall be completed in the manner set forth in the Settlement Agreement.

## 8.    FINDINGS CONCERNING NOTICE

The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Section VII of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice under the circumstances to the Settlement Class; (b) is reasonably calculated to apprise Settlement Class Members of: (i) the nature of this action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a

Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(c); (c) is reasonable and constitutes due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## 9.   CLASS ACTION FAIRNESS ACT NOTICE

The Settlement Administrator has timely served or has caused to be served (or shall timely serve or cause to be served) a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## 10.   EXCLUSION FROM CLASS

Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from

the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than November 25, 2024. The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than December 24, 2024. Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

**11.   OBJECTIONS AND APPEARANCES**

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement or the Fee Request, and must do so no later than November 25, 2024.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed by the Objection Deadline; or (ii) mailed first-class postage prepaid to the Clerk of Court or Settlement Administrator at the addresses provided at the Settlement Website, and postmarked by no later than the Objection Deadline, as specified in the Notice, by November 25, 2024. For an objection to be considered by the Court, the objection must also set forth the following:

i.    the name of the Litigation;

ii.   the objector's full name, address, email address, and telephone number;

iii.  an explanation of the basis upon which the objector claims to be a Settlement Class Member;

iv.   all grounds for the objection, accompanied by any legal support for the objection;

v.    the identity of all counsel who represent the objector, including any former or current counsel who previously represented the objector and may be entitled to compensation for any reason related to the objection to the Settlement or the fee application;

vi.   the identity of all counsel representing the objector who will appear at

10

the Final Approval Hearing;

vii.    the number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date on which the objector files the objection, and the caption of each case in which the objector has made such objections, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

viii.   the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection for the ten (10) most recent objections, and the caption of each case in which the counsel or the firm has made such objections;

ix.     a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

x.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing.

Any Settlement Class Member who fails to substantially comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the Release in the Settlement Agreement if Final Judgment is entered. The Court retains the right to allow objections in the interest of justice.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class

Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement or the Fee Request.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement or the Fee Request.

## 12. CLAIMS PROCESS AND DISTRIBUTION AND ALLOCATION PLAN

The Settlement Class Representative and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in Exhibit A of the Settlement Agreement, and directs that the Settlement Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the

claim form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in the Settlement Agreement, and the Final Judgment.

## 13.    TERMINATION OF THE SETTLEMENT

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

## 14.    USE OF ORDER

This Order shall be of no continuing force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or

her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

## 15.   STAY OF PROCEEDINGS

Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

## 16.   CONTINUANCE OF HEARING

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

## 17.   SUMMARY OF DEADLINES

The preliminary approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

i.   Notice Deadline: September 25, 2024. [30 days after entry of this Order]

ii.   Motion for Final Approval: October 26, 2024 [60 days after entry of this Order]

iii.   Motion for Attorneys' Fees, Costs, and Expenses: October 26, 2024 [60 days after entry of this Order]

14

iv.    Opt-Out and Objection Deadlines: November 25, 2024 [90 days after entry of this Order]

v.     Claims Deadline: December 24, 2024 [120 days after entry of this Order]

vi.    Replies in Support of Final Approval and Fee Request: January 28, 2025 [7 Days prior to the Final Approval Hearing]

vii.   Final Approval Hearing: the afternoon of February 6, 2025, before the Honorable Anna M. Manasco in Courtroom 5B of the Hugo L. Black United States Courthouse.

viii.  The dates set in this Order should be used as appropriate in the Notices to the Class.

**DONE** and **ORDERED** this 26th day of August, 2024.


_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE